Smith, J.
This was a motion before the court of sessions, for a mandamus to be directed to the defendant to grant letters of administration to Mary Johnston, daughter of Susannah Johnston, deceased, and to William Clement, guardian of three minor , , , „ . . grand-children of the intestate.
On hearing the case, it appeared that the defend- ° . . . ant had granted letters of administration on the said estate to Esther Greenland, the daughter of the intestate, arid Samuel Jl. Greenland, her husband, before this application had been made to the court of sessions; and, pending that question before the Ordinary, the present applicants were heard in full argument two or three times before the Ordinary decided. . I shall keep out of view every other point but that which relates to the mandamus.
It is not essential here that I should say to whom the ordinary ought to have granted administration ; it is enough for the decision of this question, that he did grant it to some person; and having granted it, I am clearly of opinion that the legal mode to try the validity of that grant, is not by mandamus. By the 12th section of “ an act supplementary to an act, entitled an act to establish an uniform and more *704 convenient system of judicature,” it is enacted that if any person or persons shall think themselves ag-grjeve(j the judgment, sentence, decree, determination, denial or order of any of the courts of or(jjnary aforesaid, it shall and may be lawful for such person or persons to appeal therefrom to the Court of Common Pleas,” &c. I think this is a specific remedy, given to any person or persons from every kiiid of decision that can be made by the court of Ordinary. It is easy; it is within the reach of any person aggrieved ; it requires no legal information to demand it. If it had, the present applicants were before the Ordinary by their counsel when the decree or denial was made. The party who thinks himself aggrieved, if he will not avail himself of this remedy, is precluded from that other choice of remedies by mandamus; and the mandamus, will only lie when there is no other remedy. It is in general a suflicient reason with the court to refuse a mandamus, that the party applying for it, has another legal specific remedy. 4 Bacon, 506. When there is no specific remedy, that justice may be done, mandamus will lie; but when the party has an action, it will not. Douglas, 523. When the party has an appeal, the court will refuse a mandamus. The King vs. The Benches of Gray’s Inn, Douglas, 353. I am, therefore, of opinion the rule Ought to be discharged.
Bay, J.
I am of opinion that the ordinary by the 16th clause of our executor’s law of 1789, has *705 ft discretionary power to grant the administration to Whom he thinks proper, among those of equal degree of relationship to the deceased, Or he may join them if he thinks proper. The words of the act are these; that the county court,' or ordinary of the district, as the case may be, having the right, shall grant administration of the deceased to his or her relations in the following order, in exclusion of all - others, to wit; 1st, To the husband or wife of the deceased; or if there he none, to the child or children of the deceased, or their legal representatives; in default of them, to the brothers and sisters, &c. &c. Here then a discretionary power is evidently given to the Ordinary to grant to such child or children, or their representatives, as he may think most fit and capable of managing the affairs of the deceased’s estate; and it is fit and proper in the nature of things, that such discretionary power should be given to a public officer in the execution of his duty in performance of so high a trust; because some of the children, or their representatives, may not bé trust worthy, or may be idle, dissolute, extravagant persons, while others may be orderly, careful and discreet, and in every respect, deserving of it; hence the wisdom of the rule laid down in our act of the Legislature, which is agreeable to the ancient rules of the civil law upon the same subject, it is evident to my mind, therefore, that the Ordinary in the present case, had a right to exercise the sound discretion the law gave him, and the more especially, after the pains he took in citing Miss Johnston and. Mr. Clement to appear before him with their seen-. *706 rities, that they might shew cause against Greenland and wife, if any they had, or against joining them all together in the administration. As, however, they refused to appear, I think he was justifiable in granting the administration to Greenland and wife, who were equally near to the deceased.
2ndiy, With regard to the present application for a mandamus, I am of opinion, that this court ought not to grant it, because there is an appeal allowed by the act of 1799, to the court of Common Pleas, and the party might have appealed. The Ordinary acts partly in a judicial, partly in a ministerial capacity. In the case under consider ation, he acted judicially in determining who was the proper person who wai* entitled, under the existing circumstances, to the administration; and it is a well known ruie in law, that a mandamus will not lie against a judicial officer, nor against one who has a discretionary power ; 3rd Dallas, 48. nor will it lie to a spiritual court to grant administration to one as next of kin, after an administration is granted to another. 5 Com. Digt. 28. Comyn’s Rep. 96. This last authority is strongly in point, and comes completely up io the case under consideration. 1 am, therefore, against the mandamus.
Grimke, J. concurred.
Nott, J. dissented.